**WO**  SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| John Anthony Zurawski,      )<br>          Petitioner,         )<br>vs.                              )<br>Dora Schriro, et al.,         )<br>          Respondents.      )<br>_____)  | No. CV 07-8064-PCT-EHC (MEA)<br><br>**ORDER** |

Petitioner John Anthony Zurawski, who is confined in the Arizona State Prison, Cheyenne Unit, in Yuma, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  He has paid the $5.00 filing fee.

**I.   Petition**

Petitioner was convicted in Yavapai County Superior Court, case no. CR 1999-0213, of two counts of armed robbery, and one count each of kidnapping and stalking pursuant to a plea agreement.  He was sentenced from 1.5 to 29.5 years per offense.  Petitioner names Dora Schriro and the Arizona Attorney General as Respondents.

Petitioner raises four grounds for relief.  First, he alleges that the trial court violated his right to due process by sentencing him to more time than provided under his plea agreement and for sentencing him for a crime not agreed upon in the plea agreement. (Doc.# 1 at 6.)  Second, he alleges a violation of his Sixth Amendment right to the effective assistance of appellate counsel by appellate counsel's failure to raise the first claim on direct appeal or to challenge whether Petitioner's plea was knowing, intelligent and voluntary. (Id.

**TERMPSREF**

1  at 7.) Third, Petitioner alleges violation of his right to the effective assistance of appellate
2  counsel based on counsel's failure to raise an Apprendi claim. (Id. at 8.) He also alleges that
3  the State of Arizona denied Petitioner access to the courts by failing to provide case law to
4  inmates. (Id.) Last, Petitioner alleges that trial counsel was ineffective in that counsel (1)
5  advised Petitioner that concurrent sentences would be imposed; (2) failed to investigate and
6  substantiate that Petitioner had post-traumatic stress disorder as mitigation; (3) failed to
7  object to Petitioner being sentenced in excess of the sentence agreed upon and for a crime
8  not agreed upon in the plea agreement; and (4) failed to raise an Apprendi claim.

## II.     Count III (in part) Fails to Allege a Cognizable Habeas Claim

10         In Count III, Petitioner alleges in part that the State of Arizona denied him access to
11  the courts by failing to make case law available to inmates. This portion of Count III fails
12  to state a cognizable basis for habeas relief. Federal habeas relief is available "only on the
13  ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the
14  United States." 28 U.S.C. § 2254(a). While a state inmate may seek relief against prison or
15  jail officials for those officials' alleged unconstitutional conduct, he must do so in an action
16  filed pursuant to 42 U.S.C. § 1983, not in a habeas petition. See Nelson v. Campbell, 541
17  U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a
18  prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside
19  [the] core [of habeas relief] and may be brought pursuant to § 1983"); Muhammad v. Close,
20  540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars
21  affecting its duration are the province of habeas corpus . . . ; requests for relief turning on the
22  circumstances of confinement may be presented in a § 1983 action."); Badea v. Cox, 931
23  F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (a civil
24  rights action is the proper method to challenge conditions of confinement)).

25         To the extent that Petitioner seeks to challenge an alleged denial of access to the
26  courts, Petitioner must commence an action pursuant to 42 U.S.C. § 1983. Petitioner may
27  not seek relief for denial of access to the courts in his habeas proceedings.

28

**III.    Remaining Claims**

It is unclear whether Petitioner has exhausted his remaining claims. Even assuming that the exhaustion requirement has not been met, it appears that any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Accordingly, an answer is required to Petitioner's remaining claims. 28 U.S.C. § 2254(a).

**IV.    Warnings**

   **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.    Copies**

Petitioner must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

   **C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Count III (in part) of the Petition (doc.# 1) is **dismissed** for failure to state a cognizable habeas claim.

  (2) The Clerk of Court must serve a copy of the Petition (doc.# 1) and this Order on the Respondents, including the Attorney General of the State of Arizona, by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

  (3) Respondents must answer the remaining claims in the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

  (4) Petitioner may file a reply within 30 days from the date of service of the answer.

  (5) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

  DATED this 21st day of September, 2007.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge