IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Anthony Zurawski,           )<br>                                              )<br>              Petitioner,          )<br>                                              )<br>vs.                                         )<br>                                              )<br>Dora B. Schriro, et al.,          )<br>                                              )<br>              Respondents.       )<br>_____) | No. CV 07-8064-PCT-EHC (MEA)<br><br>**ORDER** |

On July 26, 2007, Petitioner, while proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 (Dkt. 1). The matter was referred to Magistrate Judge Mark E. Aspey (Dkt. 3). On November 20, 2007, Respondents filed an Answer to the Petition for Writ of Habeas Corpus (Dkt. 9). On January 23, 2008, counsel filed a notice of appearance on behalf of Petitioner (Dkt. 13). Petitioner through counsel filed a Motion for Leave to Amend the Habeas Petition (Dkt. 20). On May 7, 2008, the Magistrate Judge issued a Report and Recommendation recommending that the § 2254 Petition be denied and dismissed with prejudice and that Petitioner's motion to amend his Petition be denied (Dkt. 24). Petitioner has not filed an Objection to the Report and Recommendation.

//

//

Standard of Review

The district court reviews de novo the portions of the Magistrate Judge's Report and Recommendation to which Petitioner has filed an objection. 28 U.S.C. § 636(b)(1)(C)("a judge of the court shall make a de novo determination of those portions of the report, ..., to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003); Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v. Arn, 474 U.S. 140, 149 (1985)(determining that district courts are not required to review any issue that is not the subject of an objection).

Discussion

On July 20, 2001, Petitioner, represented by counsel and pursuant to a written plea agreement, pleaded guilty to two counts of armed robbery, stalking and kidnapping in Yavapai County Superior Court. Petitioner was sentenced to consecutive, aggravated 14-year prison terms on the two armed robbery convictions, to a consecutive sentence of one-and-one-half years imprisonment for the stalking conviction, and to a concurrent aggravated term of seven years on the kidnapping conviction. Petitioner also was sentenced to one day of community service for each seven days served in prison.

Petitioner, represented by counsel, filed a timely action for post-conviction relief which was denied in the state trial and appellate courts. Petitioner proceeding pro se filed two subsequent state actions for post-conviction relief. In the second such action, Petitioner asserted, among other claims, that post-conviction counsel, referred to as appellate counsel, had provided ineffective assistance. The state trial court found that Petitioner had failed to establish a colorable claim of ineffective assistance of counsel. The petition was otherwise dismissed because Petitioner had failed to raise the claims in his first action for post-conviction relief. Petitioner's third action for post-conviction relief was denied.

In his federal habeas petition, Petitioner has alleged that the state trial court violated his right to due process by sentencing him to more time than provided under his plea agreement and for sentencing him for a crime not agreed upon in his plea agreement.

Petitioner further alleges a violation of his right to the effective assistance of appellate and trial counsel.

The Magistrate Judge has indicated in his Report and Recommendation that Petitioner properly exhausted only his claim alleging denial of his right to effective assistance of post-conviction counsel. It is recommended that this claim be denied because the Arizona courts' conclusion that Petitioner was not denied any such right was not clearly contrary to federal law since counsel's performance was not deficient and Petitioner failed to show resulting prejudice. The Magistrate Judge has recommended that Petitioner's other claims for federal habeas relief were procedurally defaulted in the state courts and Petitioner has not shown cause for, or prejudice arising from, the procedural default of these claims. It is recommended that Petitioner should not be allowed to amend his federal habeas petition because the proposed Amended Petition lodged April 10, 2008 does not state meritorious claims for relief or add legal support for granting relief on the merits of the claims presented.

In the absence of an Objection, the Court adopts in full the Report and Recommendation.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 24) is adopted in full.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Amend Habeas Corpus Petition (Dkt. 20) is denied.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1) is denied and dismissed with prejudice.

DATED this 23rd day of June, 2008.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge